SMITH vs. KEENAN.

| 14 | 529 |
| 92a | 235 |

1. John Keenan obtained judgment before a justice of the peace against Smith, who appealed to the circuit court. The appeal bond was executed to *Joseph* Keenan. On motion to dismiss, the court gave time to perfect the bond. The new bond was also payable to *Joseph* Keenan, and the security in it was proved to be insolvent. The bonds were clearly insufficient, and the appeal properly dismissed. Smith should have satisfied himself of all the requisites of the bond, and it was his own fault, if he was surprised by the proof of insolvency. As to the *time* of putting in the motion to dismiss, in the absence of a rule of court, requiring it to be done, before the case is called, the presumption is in favor of the correctness of the decision of the court below.

## ERROR to St. Louis Circuit Court.

HART, for defendant.

1. Because the bond for appeal, filed before the justice was grossly defective and bad, for

39

reason that it was a bond in a case wherein one William Smith was plaintiff below, and one Joseph Keenan was defendant, and therefore no bond for an appeal in this case, and therefore the St. Louis circuit court committed no error in dismissing the appeal for want of a bond as is required by law: See Rev. C., p. 668, art. 8, sec. 3—justices' courts.

II. There was no affidavit made in this case before the justice; the supposed affidavit being made in a case wherein one Joseph Keenan was plaintiff and William Smith defendant; whereas in this case John and not Joseph Keenan is the plaintiff, and therefore no appeal was taken from the justice as is required by law, and the appeal in the St. Louis circuit court was well dismissed.

III. The said William Smith, after obtaining leave from the St. Louis circuit court to file a new bond, filed a bond which was not only insufficient and bad in this, that it purported also to be a bond in a case before Isaac B, Thomas, a justice of the peace, wherein Joseph Keenan is plaintiff and William Smith defendant; whereas this was a case wherein John Keenan is plaintiff and William Smith defendant, and therefore such a bond was defective and bad; but said bond was not given with such security as is required by law, further in this, that the security was not satisfactory to the court, the same being proven insolvent, for either of the foregoing reasons. The court below committed no error in refusing said new bond and dismissing the appeal. Reference to same authorities cited in support of first reason—also, sec. 17 art. 8—justices courts.

IV. The plaintiff in the court below, made his motion to dismiss the appeal in proper time, for although true, that the said case was called for trial, yet no jury being sworn nor the case submitted to the court, the motion was properly brought before the court and adjudicated upon; for I cannot conceive how the appellate court, from a justice of the peace, could well have cognizance to try a case *de novo*, without either affidavit for appeal, or appeal bond being in the case—the two pre-requisites under the statute to give to a party the right to have an appeal.

BIRCH, J., delivered the opinion of the court.

John Keenan having obtained judgment against William Smith, before a justice of the peace, the latter appealed to the circuit court. When the cause was called for trial, both parties appearing, the counsel for the plaintiff moved to dismiss the appeal, for the reason that there was no sufficient bond—the one given by the appellant having been executed to *Joseph*, instead of *John*, Keenan. The defendant, by his counsel, thereupon asked and obtained leave of the court, until three o'clock, to perfect the bond. The record shows that the bond which was filed under this permission was *also* made payable to Joseph Keenan but the bill of exceptions states that the bond was not approved by the court, because it was proven that the security was insolvent, and that the plaintiff thereupon renewing his motion to dismiss the appeal it was dismissed accordingly, and to this the defendant excepted. The record further shows that on the same day a motion was made to reinstate the cause upon the docket, and grant the defendant a new trial for the following reasons:

1. The court erred in dismissing the appeal, for any defect in the appeal bond, after the plaintiff had appeared to the appeal.

2. Because the first appeal bond filed in this cause is not defective, but is good and sufficient in law.

3. Because the court erred in requiring the defendant to file an additional appeal bond.

4. Because the court erred in dismissing the appeal because the security in the second bond was not solvent.

5. Because the court erred in dismissing the appeal—refusing the defendant permission to file an additional bond.

6. Because the defendant, not being aware of the insolvency of Antoine Reibhe McNair, the security in the second appeal bond, was taken by surprise by the evidence introduced by plaintiff to prove the insolvency of said McNair—and

7. Because the court erred, as said defendant avers, and is ready to prove, the said McNair is solvent, and is abundantly good security for the amount of the said bond.

The statements contained in the two reasons lastly assigned being supported by the affidavit of the defendant, and the motion overruled, the defendant excepted and brings the case to this court.

The bonds to Joseph Keenan were clearly invalid and insufficient. For all the purposes of this suit, they might as well have been made payable to any other person. It was therefore a matter of favor (rather than a requisition, as here complained of,) that the court allowed time to file a proper bond, and when, instead of doing so, one is again filed in a wrong name and with insufficient security, we think it was no breach of the comity of the court, but a proper assertion of its dignity, and a proper economy of its time, to dismiss the appeal.

As to the complaint that the defendant was taken by surprise respecting the insolvency of his new security, it is sufficient to answer that the leave granted him by the court to prepare and file a sufficient bond, implied of course that he would neglect to do so at his peril, and should have therefore prompted him to satisfy himself beforehand respecting all the requisites, and especially, if even a doubt could be started respecting the main question of the surety's sufficiency, to have his witnesses present at the hearing of the motion.

Concerning the time when the motion to dismiss the appeal was made, as there has been shown no direction of law or rule of court requiring such motions to be filed before the case is called, the presumption is of course in favor of the regularity and consequent correctness of the court below. Because the parties had appeared to the action, when it was called, and before any jury was empannelled, could certainly con-

stitute no reason why a motion to dismiss the appeal could not be made, renewed, and finally determined, as it was.

Upon the whole case, therefore, the judgment of the circuit court is affirmed.